**FILED**
**JANUARY 9, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 171**

| | |
|---|---|
| **JACINTO BARRERA**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>    Plaintiffs,<br><br>v.<br><br>**LAREDO FOODS, INC. d/b/a Laredo Spices and Herbs,** an Illinois corporation, **ART JIMINEZ**, individually, and, **MARY B. JIMINEZ**, individually.<br><br>    Defendants. | Civil Action<br><br><br><br>No.<br><br><br><br>**JUDGE LEFKOW**<br>**MAGISTRATE JUDGE BROWN**<br><br><br>JURY DEMAND |

**COMPLAINT**

**NOW COMES**, the plaintiff, **JACINTO BARRERA**, on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys of record, and complaining of the defendants, **LAREDO FOODS, INC. d/b/a Laredo Spices and Herbs,** an Illinois corporation ("**LAREDO**"), **ART JIMINEZ**, individually, and, **MARY B. JIMINEZ**, individually, and pleading hypothetically and in the alternative, alleges as follows:

**I. INTRODUCTION**

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the defendants' failure to pay overtime compensation to the plaintiff, and other similarly situated employees. The plaintiff routinely worked in excess of 40 hours per week for the defendants, but the defendants refused to pay the plaintiff time-and-a-half overtime compensation.

2. In Counts II and III, the plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*. The rights and remedies set forth in these statutes are similar and analogous to those that Congress set forth in the FLSA.

3. During the period or periods herein relevant, the defendants (or an enterprise owned and/or controlled by the defendants, and each of them, singly or in or in one or more combinations), routinely and as a matter of practice and policy required the plaintiff and other similarly situated employees to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

## II. THE PARTIES

4. The plaintiff is an individual domiciled in the State of Illinois, and resides within this judicial district.

5. The defendants, **ART JIMINEZ**, and **MARY B. JIMINEZ**, are individuals domiciled in the State of Illinois, and upon information and belief reside within this judicial district.

6. The defendant, **LAREDO**, is an Illinois corporations domiciled in the State of Illinois.

7. Upon information and belief, during the period or periods herein relevant, **ART JIMINEZ** held an ownership interest in **LAREDO**.

8. Upon information and belief, during the period or periods herein relevant, **MARY B. JIMINEZ** held an ownership interest in **LAREDO**.

9. Upon information and belief, during the period or periods herein relevant, **ART JIMINEZ** exercised control over significant aspects of **LAREDO**'s day-to-day operations.

10. Upon information and belief, during the period or periods herein relevant. **MARY B. JIMINEZ** exercised control over significant aspects of LAREDO's day-to-day operations.

### III. JURISDICTION AND VENUE

11. Federal question jurisdiction is conferred on this the United States District Court by Section 16 (b) of the FLSA, 29 U.S.C. § 216 (b).

12. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367 (a).

13. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

14. Further, venue is proper pursuant to 28 U.S.C. § 1391, as the defendant corporation, **LAREDO**, is an Illinois Corporation having its registered office at 440 W. Randolph Street, in the City of Chicago, in the County of Cook, within this judicial district.

### IV. STATUTORY CONSENT

15. The plaintiff brings this case as a collective action under the FLSA on behalf of himself and all those similarly situated, and in accord with Section 16 (b) of the FLSA, the plaintiff has given written consent to bring such an action.

16. The plaintiff's Notice of Consent is incorporated herein by reference and attached hereto as "**Exhibit A**".

## V.  GENERAL ALLEGATIONS COMMON TO ALL COUNTS

17.    At all times relevant to this action, each and all of the defendants including the individual defendants, **ART JIMINEZ** and **MARY B. JIMENEZ**, were acting directly or indirectly in the interest of the employer in relation to the employee plaintiffs represented herein and, therefore, were and are "employers" within the meaning of Section 3(a) and (d) of the FLSA, 29 U.S.C. §§ 203(a) and 203(d), and as such are jointly and severally liable for the unpaid wages and other relief sought herein.

18.    At all times herein relevant, the plaintiff and members of the plaintiff class were "employees" of the defendants within the meaning of Section 3 (e) (1) of the FLSA, 29 U.S.C. § 203 (e)(1).

19.    During the course of his employment by the defendants, the plaintiff was employed as a laborer and was not exempt from the overtime wage provisions of the FLSA.

20.    The plaintiff was employed by the defendants from on or about January 4, 2004, to on or about May 4, 2007, and may have been employed by the defendants during other periods.

21.    The plaintiff received cash payments as part of his compensation for employment, including cash payments for certain hours in excess of 40 in a workweek.

22.    During the course of his employment by the defendants, plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

23. At all times herein relevant, the defendants engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

24. The plaintiff, and other similarly situated employees, were routinely directed by the defendants to work, and did so work, in excess of 40 hours per week. The plaintiff typically worked in excess of 70 hours per week.

25. The plaintiff and other similarly situated employees were often paid by the defendants in cash, rather than by check or otherwise.

26. In certain weeks, the plaintiff and other similarly situated employees were paid by the defendants both with cash and by check. For example, they were paid a portion of the money they earned in a given week in cash, and they were paid another portion of the money they earned in that same week by check. Typically, the cash payments were made to the plaintiff and other members of the plaintiff class in exchange for hours worked in excess of 40 in a week, but the cash payments were at the employees' regular hourly rates instead of the statutorily required time and one half rate.

**COUNT I**
**(Violation of the FLSA)**

27. The plaintiff re-alleges the foregoing allegations.

28. During their employment by the defendants, plaintiff and other similarly situated employees, worked numerous hours for the defendants in excess of 40 per week, for which hours the defendants failed to pay them at a rate not less than one and one-half times the regular rate at which they were employed.

29. The defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

WHEREFORE the plaintiff, **JACINTO BARRERA**, on behalf of himself and all other employees similarly situated, known and unknown, prays for judgment in his favor and against the defendants, **LAREDO**, **ART JIMENEZ**, and **MARY B. JIMENEZ**, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. statutory liquidated damages as allowed by the FLSA;

C. interest on all amounts awarded;

D. reasonable attorneys' fees, together with costs of suit and collection;

E. an order directing the defendants to, within 14 days of the entry of said order, provide the names and addresses of all persons currently or formerly employed by the defendants from October 1, 2004 through the present;

F. an order authorizing the plaintiff to provide notice of this action to members of the putative class in a form substantially similar to that which is attached hereto as **Exhibit B**;

G. authorizing the plaintiff to mail "opt-in" consent forms to members of the putative class in a form substantially similar to that which is attached hereto as **Exhibit C**; and

H. such further relief as may be fair and just in the premises.

**COUNT II**
**(Violation of the IMWL)**

30. The plaintiff re-alleges the foregoing allegations.

31. The defendants violated the IMWL in that, during the aforesaid period or periods of employment, the plaintiff worked numerous hours for the defendants in excess of 40, during certain workweeks, for which the defendants failed to pay the plaintiff at a rate not less than one and one-half times the regular rate at which the plaintiff was employed.

WHEREFORE the plaintiff, **JACINTO BARRERA**, prays for judgment in his favor and against the defendants, **LAREDO**, **ART JIMENEZ**, and **MARY B. JIMENEZ**, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the IMWL's mandatory minimum rate;

B. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

C. statutory punitive damages as allowed by the IMWL;

D. interest on all amounts awarded;

E. reasonable attorneys' fees, together with costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## COUNT III
### (Violation of the IWPCA / AFWAA Claim)

32. The plaintiff re-alleges the foregoing allegations.

33. The defendants violated the IWPCA in the following way or ways:

    a. the plaintiff worked numerous hours for the defendants in excess of 40 for which the defendants failed to pay the plaintiff at a rate not less than one and one-half the regular rate agreed upon by the parties;

    b. the defendants employed the plaintiff, but then failed and refused to pay the plaintiff, either weekly or biweekly, certain overtime wages the plaintiff earned; and/or

    c. the defendants employed the plaintiff, but then failed and refused to pay the plaintiff certain overtime wages the plaintiff earned within either of the two time limits mandated by the IWPCA (within either 7 days of the close of each relevant workweek, or 13 days of the close of each relevant biweekly pay-period).

WHEREFORE the plaintiff, **JACINTO BARRERA**, prays for judgment in his favor and against the defendants, **LAREDO**, **ART JIMENEZ**, and **MARY B. JIMENEZ**, and each of them, and for the following relief:

    A. an order commanding the defendants to pay the plaintiff any and all wages the defendants owe the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the rate agreed upon by the parties (in no case less than the IMWL's minimum rate);

    B. an order commanding the defendants to pay the plaintiff any and all overtime compensation the defendants owe the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the IMWL's minimum rate);

    C. interest on all amounts awarded;

D. reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## JURY DEMAND

NOW COMES, the plaintiff, **JACINTO BARRERA**, on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys of record, and hereby demands trial by jury of all issues set forth herein.

Respectfully submitted,

/s/Paul Luka
PAUL LUKA ARDC #6288860

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against LAREDO FOODS, INC., ART JIMINEZ, MARY B. JIMINEZ, and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

_Jacinto Barrera_
JACINTO BARRERA

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JACINTO BARRERA**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>                        Plaintiffs,<br>     v.<br><br>**LAREDO FOODS, INC. d/b/a Laredo Spices and Herbs,** an Illinois corporation, **ART JIMINEZ**, individually, and, **MARY B. JIMINEZ**, individually.<br><br>                        Defendants. | No. |

**NOTICE OF A LAWSUIT CLAIMING OVERTIME
WAGES UNDER THE FAIR LABOR STANDARDS ACT**

**TO:** Persons who have been employed as hourly employees by one of the defendants at any time between October 1, 2004 and the present, and who believe they were not compensated at a rate of one and one-half times their regular rate for any hours they worked in excess of forty (40) in a workweek.

**I.     INTRODUCTION**

The purpose of this Notice is to: (1) advise you that a lawsuit has been filed against Laredo Foods, Inc. d/b/a Laredo Spices and Herbs, Art Jimenez, and Mary B. Jimenez ("Defendants"); (2) advise you of your right to join this lawsuit; and (3) instruct you on the procedure for joining this lawsuit if you choose to do so.  Nothing in this Notice should be viewed as an admission of wrongdoing.

**II.    DESCRIPTION OF THE LAWSUIT**

The plaintiff, Jacinto Barrera ("Plaintiff"), has brought this lawsuit against the Defendants, claiming that he and other similarly situated individuals worked in excess of forty (40) hours for the Defendants and did not receive one and one-half times their regular hourly rate of pay for those hours over forty (40).  The Defendants deny the Plaintiff's claims.

The Federal Fair Labor Standards Act generally requires that employees be paid overtime pay at a rate of one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in any one work week.  The Plaintiff seeks to recover overtime pay for the three (3) years prior to the filing of this lawsuit. The Plaintiff also seeks an additional equal amount as liquidated damages and attorneys' fees and costs.

1

The Plaintiff believes that his claims against the Defendants have merit. The Defendants deny that they violated the law. There has been no determination by any Court as to the truth of the factual and legal allegations made against the Defendants.

### III. WHO MAY JOIN THIS LAWSUIT

If you are currently employed by one of the Defendants as an hourly employee or, if at any time since March 15, 2004, you have been employed by one of the Defendants as an hourly employee and believe that you did not receive overtime pay for hours you worked for Defendants in excess of forty (40) hours in a workweek as described above, you have a right to join this lawsuit as a party plaintiff. It is entirely your decision whether or not to join this lawsuit. You are not required to join this case or take any action unless you want to. It is completely voluntary. If you have not worked more than forty (40) hours in any week or if you simply do not desire to join this lawsuit for any reason, you need not complete any form or do anything at all. The Court has decided that the information you have received in this Notice is sufficient for you to make a decision as to whether you wish to join the case. Neither the Defendants nor the attorney now representing the Plaintiff will be able to give you additional information regarding your decision to join the case.

### IV. HOW TO JOIN THIS LAWSUIT

If you have been employed by one of the Defendants as an hourly employee at any time between **October 1, 2004 and the present**, and believe that you have not received overtime compensation at a rate of one and one-half times your regular rate for hours worked in excess of forty (40) in a workweek, you may join this suit (that is, you may "opt in" to the lawsuit) by:

    a.    completing the enclosed Notice of Consent to Become a Party Plaintiff form *(the yellow form enclosed)*;

**AND**

    b.    mailing the completed Notice of Consent to the Plaintiff's counsel at the following address:

> **Barrera Consent Form**
> **Amatore & Associates**
> **120 S. State Street/Suite 400**
> **Chicago, Illinois 60603**

**DEADLINE:** In order for you to participate as a Plaintiff in this case, the fully completed Notice of Consent must be received by Plaintiff's Counsel and filed with the Clerk of the Court no later than **[TO BE DETERMINED]**.

2

**Any delay in such delivery, or any failure to deliver the Consent form, will be your responsibility, and you would not become a plaintiff in this case.**

If you send a Consent form, your continued right to participate in this suit may depend upon a later decision by the District Court that you are a proper plaintiff in accordance with federal law.

V.   **EFFECT OF JOINING OR NOT JOINING THIS SUIT**

If you join this lawsuit by filing your Consent, you will be bound by any judgment the Court makes on the issues involved, whether it is favorable or unfavorable to you.

If you choose not to join this lawsuit, you will not be affected by any judgment made by the Court in this case or any action taken by the parties in this case. If you choose not to join in this lawsuit, you are free to file your own lawsuit or do nothing.

VI.   **NO RETALIATION AGAINST YOU IS PERMITTED**

If you presently work for any of the Defendants, Federal law prohibits Defendants from retaliating against you by discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have otherwise exercised your rights under the Fair Labor Standards Act.

VII.   **YOUR LEGAL REPRESENTATION IF YOU JOIN**

The Plaintiff's attorneys Roy Amatore, Amatore & Associates (120 S. State Street, Suite 400, Chicago, IL. 60603) will represent you should you elect to join this suit as a Plaintiff, unless you otherwise decide to select someone else to represent you. Your attorneys are entitled to receive payment of attorneys' fees and costs from the Defendants if Plaintiff is successful in this lawsuit.

VIII.   **FURTHER INFORMATION**

Further information about this suit may be obtained by reviewing the court file at 219 S. Dearborn Street, Chicago, Illinois, United States District Court Clerk's Office, 20th Floor.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES. PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

3

Barrera v. Laredo Foods, Inc. et al.
NOTICE OF LAWSUIT

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JACINTO BARRERA**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>    Plaintiffs,<br> v.<br><br>**LAREDO FOODS, INC. d/b/a Laredo Spices and Herbs,** an Illinois corporation, **ART JIMINEZ**, individually, and, **MARY B. JIMINEZ**, individually.<br><br>    Defendants. | No. |

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A LAWSUIT TO RECOVER OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT**
*(This form must be completed in ink, not pencil)*

This Document is to be sent to:  **Barrera Consent Form**
              **Amatore & Associates**
              **120 S. State Street/Suite 400**
              **Chicago, Illinois 60603**

  I hereby consent to become a plaintiff in the above captioned case filed against the named defendants, Laredo Foods, Inc. d/b/a Laredo Spices and Herbs, Art Jimenez, and Mary B. Jimenez ("Defendants"), under the Fair Labor Standards Act. I attest that I either am now or, have been at some time since October 1, 2004, an hourly employee for one of the Defendants.

My name is:      _____
            *Please Print Name*

My address is:     _____
            *Street Address*

             _____
            *City, State, Zip Code*

My telephone number is: _____
            *Home*

Dates Employed:   Start:     End:

Location(s) Employed: _____

1

Location(s) Employed (continued):

_____

My Signature: _____
*Please Sign name*

Date on which I signed this Notice: _____
*Today's Date*

2